### BONAGUR v. PURIFICATO et al.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

EVIDENCE (§ 264*)—ACTIONS—ADMISSIONS.

In an action for work, labor, and materials furnished in the reconstruction of a dumb-waiter shaft, plaintiff, who held himself out as competent and agreed to erect a shaft which would not be unlawful, erected it with two-inch blocks. At the close of the case plaintiff conceded "that the Tenement House Department requires that the outside of the dumb-waiter shaft shall be four-inch blocks." *Held*, that the concession was an ad-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mission that the rules of the Tenement House Department had not been complied with, and hence there can be no recovery.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1028; Dec. Dig. § 264.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Ernest Bonagur against Salvatore Purificato and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Fancis X. Mancuso, of New York City, for appellants.
Menken Bros., of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for $202 upon a claim for work, labor, and materials furnished, and money loaned to the defendant. The principal item of plaintiff's claim is the sum of $150, the agreed price of tearing down an old elevator shaft, and of building a new shaft. It is claimed by the defendant that he told the plaintiff that the shaft must be built according to law. While the plaintiff denies the details of the conversation, his own version is that defendant said—

"that he had violations and he wanted to remove these violations, and at the same time he talked about tearing down this shaft to put in a new dumb-waiter shaft, and in regard to the violation I told him to get an architect, but I said about the dumb-waiter shaft that I could do that myself; that I could tear down the old wooden one."

It seems to me, therefore, that even accepting the plaintiff's story as true, he did the work according to his own views, and that he held himself out as competent and agreed to erect a dumb-waiter shaft which would not be unlawful. The plaintiff then proceeded to erect the shaft with two-inch blocks.

At the end of the plaintiff's case the record shows:

"It is conceded by the plaintiff that the Tenement House Department requires that the outside of the dumb-waiter shaft shall be four-inch blocks."

In view of this concession I fail to see how the plaintiff can recover the agreed price of the shaft. The defendant manifestly relied upon the plaintiff to erect a dumb-waiter shaft which would not violate the law, and the plaintiff's concession shows that it has not been done. It is true that there is a great deal of vague testimony upon the question of whether the shaft in question is an inside or outside shaft, and as to the removal of a ventilator or skylight which it would seem the plaintiff considers material upon this question, but aside from the fact that there is absolutely no testimony as to what constitutes an "inside" or "outside" shaft, the concession itself is open to no other interpretation than that the rules of the Tenement House Department have not been complied with in regard to this particular shaft.

Since under these circumstances we must in any event grant a new

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial, it becomes unnecessary to consider whether there is sufficient testimony to hold the defendant Eugenia Purificato, the wife of and co-owner of the premises with the defendant Salvatore Purificato. No motion to dismiss was made at the trial as to either defendant, and this issue was apparently never actually contested.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.